# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>JIMMIE DEAN GARRETT,<br><br>Defendant-Petitioner. | CASE NO. 1:81-CR-00154 LJO<br><br>ORDER NOTIFYING PETITIONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255<br><br>(ECF NO. 2) |

On June 27, 2016, Petitioner Jimmie Dean Garrett filed a *pro se* "Motion to Correct Sentence and Clarify Judgment Pursuant to Rule 60(B)(5) and 60(B)(6)" (ECF No. 2). Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

On August 2, 2016, the Court issued an Order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion and set an initial briefing schedule. ECF No. 3. In an abundance of caution, the Court also referred this case to the Federal Defender's Office ("FDO") pursuant to General Order 563. *Id.*

On September 22, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 4. In light of the FDO's notice of non-supplementation and withdrawal as counsel, the Court now notifies Petitioner directly as follows. The Court has the discretion to "ignore the legal label that a *pro se* litigant attaches to a motion," and to re-characterize the motion by placing it in the appropriate legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). Because Petitioner's motion specifically alleges that his sentence is subject to collateral attack, the motion has a clear underlying legal basis in § 2255. *See United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). However, before the Court re-

characterizes Petitioner's motion as arising under § 2255, it must caution Petitioner of its intent to re-characterize the motion and the consequences of doing so, and must also provide Petitioner "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383. In particular, the Court now explicitly cautions Petitioner that should the Court re-characterize this motion as a § 2255 motion, any subsequent § 2255 motion Petitioner should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383. Finally, the Court now explicitly provides Petitioner with the opportunity to withdraw the pending motion or to amend the motion so that it contains all the § 2255 claims Petitioner believes he has. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that Petitioner shall have until **November 11, 2016**, to file an appropriate notice electing to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court will construe the motion as one brought under § 2255. The Court additionally cautions Petitioner that his failure to respond to this Order will result in the Court re-characterizing this motion, setting a formal briefing schedule, and proceeding to rule upon the motion as it currently stands.

IT IS SO ORDERED.

Dated:   __September 26, 2016__          _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE

2