# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:81-CR-00154 LJO |
|---|---|
| Plaintiff-Respondent, | |
| v. | ORDER RE-NOTIFYING PETITIONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255 |
| JIMMIE DEAN GARRETT, | |
| Defendant-Petitioner. | (ECF NO. 2) |

On June 27, 2016, Petitioner Jimmie Dean Garrett filed a pro se "Motion to Correct Sentence and Clarify Judgment Pursuant to Rule 60(B)(5) and 60(B)(6)." ECF No. 2. Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

On August 2, 2016, the Court issued an Order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion and set an initial briefing schedule. ECF No. 3. In an abundance of caution, the Court also referred this case to the Federal Defender's Office ("FDO") pursuant to General Order 563. *Id.*

On September 22, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 4. In light of the FDO's notice of non-supplementation and withdrawal as counsel, the Court issued an Order on September 26, 2016, notifying Petitioner again of its intent to classify his petition as a § 2255 motion. The Court explained in its Order that Petitioner could "elect[] to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court will construe the motion as one brought under § 2255." ECF No. 5 at 2.

On November 9, 2016, in response to the Court's order, Petitioner filed a motion to "classify his petition as either its original Rule 60 heading or as a Motion under Rule 35(a)." ECF No. 6. Petitioner further stated that "to reclassify his Petition as a second or successive § 2255 motion is incorrect and is a misapplication of the law." *Id.*

The Court has the discretion to "ignore the legal label that a *pro se* litigant attaches to a motion," and to re-characterize the motion by placing it in the appropriate legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003); *see also United States v. Mendez-Gil*, No. CR 10-222 PJH, 2014 WL 6705989, at *1 (N.D. Cal. Nov. 26, 2014) ("an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application"). Because Petitioner's motion specifically alleges that his sentence is subject to collateral attack, in that it seeks "correction" of his sentence, the motion has a clear underlying legal basis in § 2255. *See, e.g.*, *Clark v. United States*, No. 5-16cv64, 2016 WL 4247116, at *1 n.1 (E.D. Tex. Aug 11, 2016).

Petitioner argues that this motion is properly characterized under Federal Rule of Criminal Procedure 35(a) or Federal Rule of Civil Procedure 60(b)(5) & (6). The Court disagrees. As Rule 35(a) clearly states: "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other error." Petitioner was originally sentenced in 1982. Therefore, the deadline to correct an error under Rule 35(a) has lapsed. *See Dolan v. United States*, 560 U.S. 605, 623 (2010) ("an error may be corrected by the trial court only if it is 'clear,' and only within 14 days after the sentence is announced"). Likewise, Federal Rule of Civil Procedure 60(b) does not provide a basis for Petitioner to attack his criminal sentence because the Federal Rules of Civil Procedure do not apply in this case. *Wilson v. Ives*, No. CV 09-5795-ODW MAN, 2010 WL 2353376, at *5 (C.D. Cal. May 19, 2010), *report and recommendation adopted*, No. CV 09-5795-ODW MAN, 2010 WL 2353375 (C.D. Cal. June 4, 2010) ("Petitioner is attempting to use this civil rule of procedure to challenge and modify his criminal sentence-a use that is not permitted"); *United States v. Seibert*, No. 203-CR-0358-RLH-RJJ, 2006 WL 3253497, at *3 (D. Nev. Nov. 6, 2006) ("a defendant may not seek relief from his criminal sentence under Fed. R. Civ. P. 60(b), because that Rule is not applicable to criminal proceedings") (internal citations omitted).

Before the Court re-characterizes Petitioner's motion as arising under § 2255, it must caution Petitioner of its intent to re-characterize the motion and the consequences of doing so, and must also provide Petitioner "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383. This Court provided Petitioner an opportunity to do so in its September 26 Order. ECF No. 5 at 2. However, out of an abundance of caution, the Court will provide Petitioner one last opportunity to amend or withdraw his motion. The Court again explicitly cautions Petitioner that should the Court re-characterize this motion as a § 2255 motion, any subsequent § 2255 motion Petitioner should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383. Finally, the Court now explicitly provides Petitioner with the opportunity to withdraw the pending motion or to amend the motion so that it contains all the § 2255 claims Petitioner believes he has. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that Petitioner shall have until **March 4, 2017**, to file an appropriate notice electing to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court will construe the motion as one brought under § 2255. If Petitioner chooses not to withdraw or amend the motion, **or** if he fails to respond directly to this Order by **March 4, 2017**, the Court will re-characterize this motion, set a formal briefing schedule, and proceed to rule upon this motion as it currently stands. The Court is herein finding that Petitioner's motion properly is characterized as one brought under § 2255. Any further attempts by Petitioner to re-label this motion as something other than one brought under § 2255 will be deemed a failure to respond.

IT IS SO ORDERED.

Dated:   **January 6, 2017**          /s/ Lawrence J. O'Neill
                                                     UNITED STATES CHIEF DISTRICT JUDGE