# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-<br>Respondent,<br><br>v.<br><br>JIMMIE DEAN GARRETT,<br><br>Defendant-<br>Petitioner. | CASE NO. 1:81-CR-00154-LJO<br><br>ORDER NOTIFYING PETITIONER OF THE COURT'S RECHARACTERIZITION OF THE FILED MOTION AS MADE UNDER 28 U.S.C. § 2255, AND ORDERING DEFENDANT-PETITIONER TO RESPOND<br><br>(ECF No. 2) |

On June 27, 2016, Petitioner Jimmie Dean Garrett filed a pro se "Motion to Correct Sentence and Clarify Judgment Pursuant to Rule 60(B)(5) and 60(B)(6)." ECF No. 2. Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

On August 2, 2016, the Court issued an Order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion and set an initial briefing schedule. ECF No. 3. In an abundance of caution, the Court also referred this case to the Federal Defender's Office ("FDO") pursuant to General Order 563. *Id.*

On September 22, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 4. In light of the FDO's notice of non-supplementation and withdrawal as counsel, the Court issued an Order on September 26, 2016, notifying Petitioner again of its intent to classify his petition as a § 2255 motion. The Court explained in its Order that Petitioner could "elect[] to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court will construe the motion as one brought under § 2255." ECF No. 5 at 2.

On November 9, 2016, in response to the Court's order, Petitioner filed a motion to "classify his petition as either its original Rule 60 heading or as a Motion under Rule 35(a)." ECF No. 6. Petitioner further stated that "to reclassify his Petition as a second or successive § 2255 motion is incorrect and is a misapplication of the law." *Id.*

1    In response, the Court issued another order on January 6, 2017 notifying Petitioner of its

2  intent to re-characterize his motion in spite of his objection and granting Petitioner one final

3  opportunity to withdraw the pending motion, to amend this motion with any further § 2255 claims,

4  or to proceed with the understanding that the Court would construe the motion as one brought under

5  § 2255. The Court gave Petitioner until March 4, 2017 to respond and admonished him that if he

6  chose not to withdraw or amend the motion, or if he failed to respond to the Court's order, the Court

7  would re-characterize his motion, set a formal briefing schedule, and proceed to rule upon this

8  motion as it currently stands. To date, Petitioner has not responded to the Court's January 6, 2017

9  order.

10    Accordingly,

11    **IT IS HEREBY ORDERED** that the Court construes the motion as one brought under

12  28 U.S.C. § 2255. However, given the history of this petition, and Petitioner's failure to respond to

13  the Court's January 6, 2017 Order, the Court is hesitant to set a briefing schedule without any

14  indication from Petitioner he still wishes to pursue this petition as now recharacterized. Therefore,

15  the Court **ORDERS** Petitioner to respond to this Order and to confirm that he still wishes to pursue

16  his petition under § 2255 **on or before April 17, 2017**. If Petitioner does not respond to this Order

17  **on or before April 17, 2017**, the Court will dismiss his petition.

18
IT IS SO ORDERED.
19

20    Dated:    **March 16, 2017**        _____/s/ Lawrence J. O'Neill_____
                                          UNITED STATES CHIEF DISTRICT JUDGE
21

22

23

24

25

26

27

28