# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:81-cr-00154-LJO |
| Plaintiff-Respondent, | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO CORRECT SENTENCE AND CLARIFY JUDGMENT AND MOTION TO CLASSIFY PETITION AS EITHER RULE 60 OR RULE 35(a)** |
| v. | |
| **JIMMIE DEAN GARRETT,** | |
| Defendant-Petitioner. | **(ECF Nos. 2, 6)** |

On June 27, 2016, Petitioner Jimmie Dean Garrett filed a *pro se* "Motion to Correct Sentence and Clarify Judgment Pursuant to Rule 60(B)(5) and 60(B)(6)." ECF No. 2. Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255"). On August 2, 2016, the Court issued an Order notifying Petitioner of the Court's intent to recharacterize his motion as a § 2255 motion and set an initial briefing schedule. ECF No. 3. In an abundance of caution, the Court also referred this case to the Federal Defender's Office ("FDO") pursuant to General Order 563. *Id*. On September 22, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 4. In light of the FDO's notice of non-supplementation and withdrawal as counsel, the Court issued an Order on September 26, 2016, notifying Petitioner again of its intent to classify his petition as a § 2255 motion. The Court explained in its Order that Petitioner could "elect[] to withdraw the pending motion, or to amend this motion with any further § 2255 claims, or proceed with the understanding that the Court will construe the motion as one brought under § 2255." ECF No. 5 at 2. On November 9, 2016, in response to the Court's order, Petitioner filed

1

a motion to "classify his petition as either its original Rule 60 heading or as a Motion under Rule 35(a)." ECF No. 6. Petitioner further stated that "to reclassify his Petition as a second or successive § 2255 motion is incorrect and is a misapplication of the law." *Id*.

In response, the Court issued another order on January 6, 2017, notifying Petitioner of its intent to re-characterize his motion despite his objection and granting Petitioner one final opportunity to withdraw the pending motion, to amend the motion with any further § 2255 claims, or to proceed with the understanding that the Court would construe the motion as one brought under § 2255. ECF No. 7. The Court gave Petitioner until March 4, 2017, to respond and warned him that if he chose not to withdraw or amend the motion, or if he failed to respond to the Court's order, the Court would re-characterize his motion, set a formal briefing schedule, and proceed to rule upon the motion. *Id.* Petitioner did not respond to the Court's January 6, 2017 order.

The Court then issued another order on March 17, 2017, noting that it construed the motion as one brought under § 2255 and that it was hesitant to set a briefing schedule without any indication from Petitioner that he still wished to pursue his petition as now recharacterized under § 2255. ECF No. 8. The Court ordered Petitioner to respond to the order by April 17, 2017, and confirm that he still wished to pursue his petition under § 2255. *Id.* The Court warned that if Petitioner did not respond on or before that date, it would dismiss the Petition. Petitioner has not responded to that order.

Accordingly, Petitioner's "Motion to Properly Classify Petition as Either Rule 60 or Rule 35(a) and to Correct the Mischaracterization as a § 2255" (ECF No. 6) is **DENIED**. Petitioner's § 2255 motion (ECF No. 2) is **DISMISSED**.

The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: **September 24, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE